JAMES ELLIS *v.* JAMES G. RICHARDSON et al.

Arbitrators — Oath of.

Informality in the oath administered to arbitrators not sufficient to set aside award.

Pleadings — Answer — Judgment.

A judgment for a larger sum than alleged in the answer will be reversed.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

January 30, 1861.

OPINION OF THE COURT BY JUDGE PETERS:

Several exceptions were taken to the award by the appellant, which we will not notice in detail, as there is one objection which must prove fatal to the action of the arbitrators.

The award shows upon its face that the arbitrators were not sworn to decide the controversy to them submitted, according to law and evidence, and the equity of the case, to the best of their judgment, without favor or affection, as required by the Civil Code, but they were sworn to try the issue in the case; this departure from the form of the oath prescribed we do not decide as a sufficient cause to set aside an award, as it is not necessary in this case, and it is only referred to because in passing upon the substantial rights of the parties it is important to ascertain what the issue really is.

Appellant alleges in his petition that appellee was indebted to him in the sum of $475 for certain articles sold and delivered to

him which was evidenced by a writing signed by the parties which indebtedness was to be discharged by hauling logs at $1.25 per log before the 1st day of March, 1857, and if he failed to discharge his obligation by the time stipulated, he was to forfeit and pay $100 to appellant, and by the second paragraph in his petition, appellant alleges that appellee was indebted to him in the further sum of $160 for boarding hands, food furnished teams, and for hire of hands, all of which he charged appellee owed him, except $40 which were credited upon the writing.

In his answer appellee denied his indebtedness, and set out divers payments which, according to his own allegations, amounted in all to the sum of $658; admitted that appellant had furnished his teams and drivers to some considerable amount, not more, however, than about $60, and that he owes appellant something for hire of hands. Some of the payments set out in the answer are controverted in the reply, and, particularly, the prices charged for the hauling; but according to the pleadings, and admitting all the payments claimed by appellee in his answer, he does not show himself entitled to a judgment for only about $100; the arbitrators, however, awarded to him $163, with interest from the 7th day of April, 1860, till paid.

The proof heard by the arbitrators was not reported, but as appellee has obtained a judgment for a larger amount than he is entitled to according to the allegations of his answer, the judgment must be reversed, and the cause remanded, with directions that the award be set aside, and for further proceedings in conformity with this opinion.